UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHAEL MILES,  )<br> ) <br>       Plaintiff,  ) <br> ) <br>v.   ) <br> ) <br>MID PINE GOLF L.L.C., a Michigan  ) <br>limited liability company,  ) <br> ) <br>       Defendant.  ) | Case No. 5:20-cv-10538 <br><br> Hon. Gershwin A. Drain |

## STIPULATION FOR ENTRY OF CONSENT DECREE AND ORDER

Plaintiff Michael Miles and Defendant Mid Pine Golf LLC, by and through their undersigned attorneys, stipulate and agree to entry of the accompanying Consent Decree and Order, which fully adjudicates all the claims of all the parties and ends this action.

Dated: July 8, 2020

s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., (p66315)
LAW OFFICES OF OWEN DUNN, JR.
Valerie J. Fatica, (0083812)
4334 West Central Avenue, Suite 222
Toledo, Ohio 43615
Telephone: (419) 241-9661
Email:  dunnlawoffice@sbcglobal.net
*Attorneys for Plaintiff*

/s/ Thomas B. Bourque
Thomas B. Bourque (p46695)
Deloof, Dever, Eby, Wright, Milliman, Bourque & Issa PLLC
301 North Main Street, 2nd Floor
Ann Arbor, MI 48104
(734) 769-2691
(734) 994-0206
Email: bourque@eecsb.com
         tbourque56@gmail.com
*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 8, 2020, a copy of the foregoing was filed electronically. Notice of this filing along with a copy of the stipulation for entry of consent decree has been sent to:

Thomas B. Bourque (p46695)
Deloof, Dever, Eby, Wright, Milliman, Bourque & Issa PLLC
301 North Main Street, 2nd Floor
Ann Arbor, MI 48104
Email: bourque@eecsb.com
        tbourque56@gmail.com

                        /s/ Owen B. Dunn, Jr.
                        Owen B. Dunn, Jr., Esq., (p66315)
                        Law Offices of Owen Dunn, Jr.
                        The Ottawa Hills Shopping Center
                        4334 W. Central Ave., Suite 222
                        Toledo, OH 43615
                        (419) 241-9661 – Phone
                        dunnlawoffice@sbcglobal.net

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHAEL MILES, | ) |
| Plaintiff, | ) Case No. 5:20-cv-10538 |
| v. | ) Hon. Gershwin A. Drain |
| MID PINE GOLF L.L.C., a Michigan limited liability company, | ) |
| Defendant. | ) |

## CONSENT DECREE AND ORDER

**WHEREAS,** Plaintiff Michael Miles ("Miles") filed this action against Mid Pine Golf L.L.C., a Michigan limited liability company, in the United States District Court for the Eastern District of Michigan, Case Number 5:20-cv-10538.

**WHEREAS**, Miles filed this action against MID PINE GOLF L.L.C. for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and the Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1301 at a facility commonly referred to as Miles of Golf located at 3113 Carpenter Rd, Ypsilanti, MI 48197 (the "Property");

**WHEREAS**, Miles sought an injunction requiring MID PINE GOLF L.L.C. to alter the Property as required by the ADA and Michigan law, and an order awarding Miles his reasonable attorneys' fees and costs and compensatory and punitive damages;

**WHEREAS**, MID PINE GOLF L.L.C. expressly denies that the Property is in violation of the ADA and Michigan law, and denies any other wrongdoing or liability whatsoever;

**WHEREAS**, the Parties desire to avoid further expense, time, effort, and uncertainty in regards to this action and have therefore agreed to resolve this matter; and

3

**WHEREAS**, the Parties acknowledge that nothing in this Agreement constitutes or shall be construed as an admission of liability by MID PINE GOLF L.L.C., nor shall it in any way support a finding that Miles is a "prevailing party" within the meaning of any statute.

**NOW, THEREFORE**, in consideration of the promises and mutual covenants set forth in this Decree and Order, the parties request the Court to enter consent judgment accordingly.

### A. Undertakings by Defendant MID PINE GOLF L.L.C.:

Without admitting liability, in response to and in settlement of the allegations contained in Miles's Complaint and all other allegations brought or which could have been brought in this action with respect to this Property, MID PINE GOLF L.L.C. agrees to, within one year following the Court's entry of this Consent Decree, subject to a reasonable extension due to acts of God, force majeure, or events beyond the control of MID PINE GOLF L.L.C. such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages, perform the following barrier removal, alterations, and modifications at and to the Property:

**Accessible Routes & Parking**

1. Mid Pine Golf L.L.C. shall install compliant curb ramps in the front and rear to connect accessible parking to an accessible route in compliance with the 2010 Standards.

2. Mid Pine Golf L.L.C. shall correct the slope along the accessible route connecting the accessible parking to the entrance to no more than 1:20 in compliance with the 2010 Standards.

3. Mid Pine Golf L.L.C. shall correct all changes in level on the accessible route in excess of ¼ inch in compliance with the 2010 Standards.

4. Mid Pine Golf L.L.C. shall refer to Table 208.2 of the 2010 Standards and restripe parking to include the required number of designated accessible spaces, including van accessible spaces.

5. Mid Pine Golf L.L.C. shall add parking signage at least 60 inches from the ground surface to

the bottom of the sign in compliance with the 2010 Standards.

6. Mid Pine Golf L.L.C. shall correct the cracks and changes in level on the designated accessible parking surface in compliance with the 2010 Standards.

**Golf Simulators**

7. Mid Pine Golf L.L.C. shall correct the simulator entrance door threshold so that it does not exceed ½ inch.

8. Mid Pine Golf L.L.C. shall install door hardware that does not require tight grasping or twisting to operate.

9. Mid Pine Golf L.L.C. will install handrails on either side of the ramp in the corridor leading to the golf simulators.

**Restrooms**

10. Mid Pine Golf L.L.C. shall convert both the existing men's and women's restroom facilties to be a unisex restroom.  The (formerly) women's restroom shall be designated the Unisex Designated Accessible Restroom.

11. Mid Pine Golf L.L.C. shall install signage to the (formerly) women's restroom designating it the Unisex Designated Accessible Restroom. The signage shall contain the international symbol of accessibility, tactile braille, and be located 48 inches minimum above the finish floor, measured from the baseline of the lowest tactile character and 60 inches maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character.

12. Mid Pine Golf L.L.C. shall install door hardware on the Unisex Designated Accessible Restroom that does not require tight grasping or twisting to operate.

13. Mid Pine Golf L.L.C. shall install rear and side grab bars around the water closet in the Unisex Designated Accessible Restroom of the required lengths and locations in compliance with the 2010 Standards.  Side wall grab bar will be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall. The rear wall grab bar will be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side.

14. Mid Pine Golf L.L.C. shall relocate the Unisex Designated Accessible Restroom paper towel dispenser in accordance with the 2010 Standards.

15. Mid Pine Golf L.L.C. shall install a lavatory with required knee and toe clearance in the Unisex Designated Accessible Restroom.

16. Mid Pine Golf L.L.C. will remount the Unisex Designated Accessible Restroom amenities so that their operable parts do not exceed 48 inches above the finish floor in compliance

with the 2010 Standards.

17. Mid Pine Golf L.L.C. will lower the Unisex Designated Accessible Restroom mirror so that its reflective surface does not exceed 40 inches in height above the finish floor or install a full-length mirror in compliance with the 2010 Standards.

**Policies and Procedures**

18. Mid Pine Golf L.L.C. will create and adopt reasonable policies and procedures to maintain accessible features and modify policies as necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities to comply with Department of Justice ADA Title III Regulation 28 CFR Part 36.302(a).

B. **Undertakings by Miles**:  Miles agrees that he is releasing MID PINE GOLF L.L.C. and MID PINE GOLF L.L.C.'s parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities, and any and all other clams, whether known or unknown, from the beginning of the world to the date of the entry of this Consent Decree and Order.  Miles further agrees that the completion of the above-referenced modifications will fully resolve his claims against MID PINE GOLF L.L.C. in the above-captioned matter, and consents to the Court's dismissal of this matter.

C. The Court finds that the modifications and alterations agreed to be made by Defendant at the Property are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (as amended effective January 1, 2009) and under Michigan Law.

D. Upon completion of the terms of the Settlement Agreement, including barrier removal and monetary payment, the Court and the Parties agree that the Property is in compliance with the Americans with Disabilities Act and Michigan law to the extent readily achievable.

E.  Mid Pine Golf L.L.C. shall pay or cause to be paid the total of Three Thousand Five Hundred Dollars ($3,500.00) directed to Mile's counsel of record, Law Offices of Owen Dunn, Jr. and Valerie J. Fatica.  Payment shall be made to the order of "Law Offices of Owen Dunn Jr" and delivered to Plaintiff's counsel within ten (10) days of the Court's entry this Consent Decree.

In addition, MID PINE GOLF L.L.C. shall deliver to Plaintiff via counsel the following items within (10) business days (or as is practicable to assemble the equipment) of the Court's entry this Consent Decree:

**Irons: Callaway Apex Smoke 19 Irons (new)**
Gender:                 Men's
Hand:                   Right
Shaft Material:         Steel
Shaft Manufacturer:     KBS
Shaft Type:             KBS Tour C-Taper 120 Steel
Shaft Flex:             Stiff
Set Composition:        4-PW, AW
Custom Length:          + 1 inch
Lie Angle:              2 Up (white)
Set Size:               8 clubs
Grips:                  midsize

**Driver: Taylormade M5 Driver (new)**
Gender:                 Men's
Hand:                   Right
Shaft Material:         Graphite
Shaft Flex:             Stiff
Custom Length:          + 1 inch
Degrees:                9
Grips:                  midsize

F.  The he above-referenced payment shall represent full and complete payment for all claims of Miles and Miles' representatives, including Miles' counsel of record.  Miles and Miles' representatives, including Miles' counsel of record, hereby acknowledge that with respect to Miles' claims in the matter *Michael Miles v. Mid Pine Golf L.L.C.,* they are not entitled to and will not receive any compensatory damages, exemplary damages, injunctive relief, attorneys' fees, costs, or

7

any other form of relief other than the relief expressly provided for in this Consent Decree. Miles and Miles' counsel affirm that there are no liens, claims or restrictions on their ability to accept such payment, and agree to fully hold harmless and indemnify Mid Pine Golf L.L.C. and their management, agents, employees, counsel and insurer against any and all liens or claims made against said settlement payment.

G. <u>Jurisdiction</u>: The parties have requested the Court to dismiss the case with prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Eastern District of Michigan. The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation. In the event the Court would determine a material breach of the terms contained herein, the prevailing party shall be entitled to its reasonable fees, expenses and costs in accordance with applicable law.

H. <u>Judgment</u>: Based upon the foregoing, the Court finds that this Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. The Court enters judgment accordingly:

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that each party be hereby ordered to comply with the terms and conditions of this Decree and Order entered into as a result of the settlement of the Parties.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that upon completion of the responsibilities set forth in this Decree and Order, that Defendant be and is hereby found to be in

compliance with the Americans with Disabilities Act, 42 U.S.C.§ 12101 et. seq. and in compliance with Michigan Law as of the date of this Judgment Entry.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that with the concurrence of each of the parties, this matter be dismissed with prejudice and, that the jurisdiction of this Court is reserved to enforce the terms and conditions of this Decree and Order.

The Clerk of Court is directed to enter judgment accordingly.

Dated: July 10, 2020

s/Gershwin A. Drain
Honorable Gershwin A. Drain
United States District Court Judge


Approved for entry by:

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ Michael Miles
Plaintiff

/s/ Thomas B. Bourque
Thomas B. Bourque, Counsel for the Defendant

/s/ Chris Mile
By: Chris Mile, member
Mid Pine Golf L.L.C, Defendant